IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JARVIS DEANGELO BROADNAX,      )
                               )
          Petitioner,          )
                               )
     v.                        )     1:08CV411
                               )
MRS. JUDY BRANDEN,             )
                               )
          Respondent.          )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF MAGISTRATE JUDGE ELIASON

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) On April 11, 2000, in the Superior Court of Rockingham County, Petitioner was convicted by a jury of larceny from the person and being a habitual felon in case 99 CRS 4921. He was then sentenced to 133 to 169 months of imprisonment.

Petitioner pursued a direct appeal. Simultaneously, he also filed a motion for appropriate relief in the state courts and a § 2254 petition in this Court. Both of those attempts at relief were dismissed without prejudice to their being refiled after he had exhausted his other avenues of seeking relief. (Docket No. 4, Ex. 2);(1:01CV431.) Petitioner's direct appeal was denied on July 17, 2001. He did not appeal further. Instead, he filed a motion for appropriate relief dated December 31, 2001, in the Rockingham Superior Court. Following an amended motion for appropriate relief and an evidentiary hearing, Petitioner's first motion for appropriate relief was denied. Petitioner then sought a writ of

certiorari from the North Carolina Court of Appeals, but this was denied on September 9, 2003.

Petitioner filed another motion for appropriate relief, dated September 29, 2003, in the Rockingham Superior Court, and amended it. An evidentiary hearing followed. Relief was denied on December 8, 2005. Petitioner did not seek certiorari from the North Carolina Court of Appeals. On January 8, 2007, Petitioner filed a final motion for appropriate relief in the state courts. Following an unsuccessful pursuit of that motion, he then filed his petition in this Court. It is dated March 12, 2008. Respondent now seeks to have the petition dismissed. (Docket No. 3.) Petitioner has responded to that motion (Docket No. 6) and the matter is now before the Court for a decision.

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Finality has been construed to mean when a petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. Clay v. United States, 537 U.S. 522 (2003); Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). Where no direct appeal is filed, the conviction becomes final when the time for filing a notice of appeal expires. See Clay.

The one-year limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

Respondent analyzes the time line in this case as follows. Petitioner's conviction became final on August 21, 2001 after the North Carolina Court of Appeals denial of his direct appeal on July 17, 2001, the issuance of its mandate, and the expiration of the time for Petitioner to seek review from the North Carolina Supreme Court. N.C. R. App. P. 14(a), 15(b), 32(b). (See Docket No. 4 at

-3-

5.)  Petitioner's time to file under AEDPA then ran for a least 132 days until he dated his motion for appropriate relief on December 31, 2001.  It was again tolled from December 31, 2001 until September 9, 2003, when the North Carolina Court of Appeals denied certiorari after the denial of the motion for appropriate relief in the trial court.  The time then ran for twenty more days until Petitioner signed and dated his next motion for appropriate relief on September 29, 2003.  Tolling again took effect and remained in place until January 9, 2006.  Respondent calculates that date by adding thirty days to the trial court's denial of Petitioner's motion for appropriate relief on December 8, 2005.  This is appropriate where, as here, Petitioner did not seek a writ of certiorari following the denial of his motion for appropriate relief.  See McConnell v. Beck, 427 F. Supp. 2d 578, 582 (M.D.N.C. 2006).  According to Respondent, Petitioner then had 213 days remaining, from January 9, 2006 to August 10, 2006, to file his petition in this Court.  Petitioner does not dispute the mathematics of Respondent's calculations and the Court finds that they are correct.

Clearly, Petitioner did not file a petition in this Court or another state court petition before August 10, 2006.  In fact, he filed nothing at all until he submitted his final motion for appropriate relief in the state courts in early 2007, well after his one year under AEDPA had already expired.  State court filings made after the time limit has already expired do not affect or revive the AEDPA limit.  Minter v. Beck, 230 F.3d 663 (4th Cir.

2000). Consequently, Petitioner's petition to this Court was out of time under § 2244(d).[2] It must be dismissed, unless Petitioner is entitled to equitable tolling.

Petitioner does respond to Respondent's motion by claiming that the Court should consider his petition timely based on equitable tolling. The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.

---

[2]The statute does allow the time for filing to sometimes run from alternate points such as the discovery of new evidence and certain new legal decisions. However, Petitioner does not rely on such things in raising his claims.

1999).  Likewise, mistake of counsel does not serve as a ground for equitable tolling.  <u>Taliani v. Chrans</u>, 189 F.3d 597 (7th Cir. 1999); <u>Sandvik</u>, 177 F.3d 1269.  Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling.  <u>Akins</u>, 204 F.3d 1086.  Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence.  <u>Pace</u>, <u>supra</u>.  Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him.  <u>Coleman</u>, 184 F.3d at 402.

Unfortunately for Petitioner, the case law just cited does not support his equitable tolling arguments.  Petitioner claims that he was ignorant of the law and that he had few resources.  These factors do not entitle him to equitable tolling.  And, it may be pointed out that, whatever Petitioner's lack of knowledge or resources, he has consistently managed to litigate his case in the state courts and this Court for eight years.  For this reason alone, he is responsible for allowing his time to run without making a timely filing.  Petitioner also claims that his petition has merit and that he is actually innocent.  These arguments do not prevail.  There are no exceptions to AEDPA's time limits based on actual innocence or the merits of the claims in the petition.  <u>See</u> <u>Rouse v. Lee</u>, 339 F.3d. 238, 251 (4th Cir. 2003)(strength of claims not considered where a petition is out of time). For these reasons,

Respondent's motion should be granted and the petition should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 3) be granted, that the petition (Docket No. 1) be dismissed, and that Judgment be entered dismissing this action.

_____
**United States Magistrate Judge**

December 3, 2008